(No. 45197.—

THE PEOPLE *ex rel.* JOHN H. WARD, State's Attorney, Petitioner, v. GEORGE J. MORAN, Judge, *et al.,* Respondents.

*Opinion filed June 4, 1973.—Modified on denial of rehearing*
*September 27, 1973.*

GOLDENHERSH, J., took no part.

JOHN H. WARD, State's Attorney, of Taylorville (JAMES W. JERZ and EDWARD N. MORRIS, of Model District State's Attorney's office, of counsel), for petitioner.

PAUL BRADLEY, of Chicago, for respondent Hon. George J. Moran.

ROBERT BROVERMAN, of Taylorville, for respondent Harold Broverman.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

We granted leave to the State's Attorney of Christian County to file an original action for *mandamus* seeking to compel respondent, the Appellate Court, Fifth District, to vacate that portion of its judgment which granted probation to respondent, Harold Broverman.

Broverman was convicted of theft and forgery following a bench trial in the circuit court of Christian County on January 27, 1970. After hearing evidence in mitigation, the trial court sentenced him to concurrent terms of 1 to 3 and 1 to 5 years in the penitentiary. The appellate court affirmed these convictions but vacated the sentences and directed the trial court to admit him to probation under such terms and conditions as might be set by the trial court. (*People v. Broverman (1972), 4 Ill. App. 3d 929.*) The narrow issue presented is whether the appellate court

was vested with authority to order that respondent be so admitted to probation.

Initially we note that the pertinent provisions of the Criminal Code and Code of Criminal Procedure hereinafter discussed have been repealed. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—5—1, effective January 1, 1973.) However, such repeal does not affect this cause for the judgment herein was entered prior to the effective date of such repeal. See Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—1.

There is no constitutional right to probation. (*People v. Molz (1953), 415 Ill. 183, 188.*) Granting of probation is designed to provide a method for the rehabilitation of a defendant "provided the trial court be satisfied there is a reasonable ground to expect both that the defendant will be reformed and the interests of society will be subserved." *People ex rel. Barrett v. Bardens (1946), 394 Ill. 511, 517.*

The Code of Criminal Procedure of 1963 contains the probation provision applicable to this case (Ill. Rev. Stat. 1969, ch. 38, par. 117—1), which in pertinent part reads:

"(a) A person who has been found guilty of any offense except a capital offense, the sale of narcotics or rape may be admitted to probation when it appears that:

(1) The defendant is not likely to commit another offense;

(2) The public interest does not require that the defendant receive the penalty provided for the offense; and

(3) The rehabilitation of the defendant does not require that he receive the penalty provided for the offense."

The Committee Comments to this section stated that "probation should be left to the sound discretion of the trial court which is in a position to weigh the interests of society and the individual in each case." (S.H.A. (1964), Committee Comments, ch. 38, par. 117—1, page 5.) In recently interpreting the scope of review of a denial of

probation by the trial court under this section we said, "Its [the trial court's] determination is subject to review to the extent of ascertaining whether the trial court did, in fact, exercise discretion or whether it acted in an arbitrary manner." *People v. Saiken (1971), 49 Ill.2d 504, 514-15.*

Respondents contend that a reviewing court is empowered by Supreme Court rule to "reduce the punishment imposed by the trial court." (50 Ill.2d R. 615(b)(4).) It is their position that probation may be classified as a punishment within the aforementioned provision.

This court has consistently held that probation has been a purely discretionary matter vested in the trial court, and the scope of review from a denial of an application for probation has been traditionally limited. Compare *People v. Wheeler (1932), 349 Ill. 230, 234; People v. Kessler (1946), 394 Ill. 26, 27; People v. Syer (1948), 400 Ill. 444, 446,* with *People v. Molz (1953), 415 Ill. 183, 190; People v. Carpenter (1953), 1 Ill.2d 347, 350; People v. Saiken (1971), 49 Ill.2d 504, 514-15.*

Respondents, while enumerating several recent appellate court cases (*People v. Steadman (1972), 3 Ill. App. 3d 1047; People v. Palmer (1971), 2 Ill. App. 3d 934; People v. McClendon (1970), 130 Ill. App. 2d 852,* but see *People v. Dugger (1972), 7 Ill. App. 3d 235; People v. Brown (1967), 83 Ill. App. 2d 411*) which have reduced sentences of imprisonment to probation, have not cited, nor has our research revealed, any decision of this court which may be afforded precedential value in support of their position.

The countervailing views concerning the theories of punishment have been widely discussed. (See J. Norton, The Punishment Debate, 44 Chi.-Kent L. Rev. 83 (1967); J. Craven, Sentencing, 1966 U. Ill. L.F. 523.) It is sufficient to say that the penalty to be imposed must be determined on an individual basis. The probation statute now at issue enumerated the factors which would enter into the trial court's reasoned judgment regarding the propriety of probation in each case based upon the circumstances.

While there were mandatory conditions of probation established, the trial court was vested with discretion to impose additional conditions such as restitution of property, payment of a fine or payment of expenses directly related to the criminal offense. (Ill. Rev. Stat. 1969, ch. 38, par. 117–2(b).) Moreover, that court was statutorily authorized to determine whether a defendant had violated probation and to alter the terms of probation or incarcerate him if such finding was made. (Ill. Rev. Stat. 1969, ch. 38, par. 117–3.) We believe that examination of the pertinent statutes supports the conclusion that the striking of such balance should of necessity more appropriately remain within the purview of the trial court.

Probation and imprisonment have been classified as penal sanctions (Ill. Rev. Stat. 1969, ch. 38, par. 1–7(d)), but they are qualitatively distinct. As recognized in *People ex rel. Barrett v. Bardens (1946), 394 Ill. 511, 517,* "A sentence of imprisonment in the penitentiary cannot be synonymous with a grant of probation entitling a convicted defendant to escape a penalty of imprisonment." After review of this court's decisions and consideration of the statutory authority entrusted to the trial court, we hold that our Supreme Court Rule 615 was not intended to grant a court of review the authority to reduce a penitentiary sentence to probation.

Respondents further argue that section 11 of article I of the 1970 constitution requires the granting of probation in this cause. That section provides in part that "All penalties shall be determined both according to the seriousness of the offense *and with the objective of restoring the offender to useful citizenship.*" (Emphasis ours.) It is urged that under the facts of this case probation was the only method by which Broverman could be restored to useful citizenship. We do not find this reasoning persuasive. There is no indication that the italicized portion of section 11 is to be given greater consideration than that which establishes that the serious-

ness of the offense shall determine the penalty. Nor does section 11 specifically empower a reviewing court to grant probation after the trial court has imposed a penitentiary sentence.

Respondents have maintained that Broverman's conduct did not merit imprisonment. Determination of this matter necessarily entails a factual analysis which should be made by the trial court. However, this case is an original action for *mandamus*. As such, only matters of law may be considered. 50 Ill.2d R. 381.

After a full consideration we are of the opinion that *mandamus* is not an appropriate remedy and the writ is denied. However, the relief requested by the *mandamus* petition falls within the scope of our supervisory authority over the administration of criminal justice. (Ill. Const. (1970), art. VI, sec. 16.) Accordingly, in the exercise of that authority, the appellate court is directed to vacate that portion of its judgment granting probation and is further directed to specifically reconsider whether the trial court exercised its discretion or acted arbitrarily in denying probation. Should the appellate court determine that, based upon the record, the trial court did not adhere to these standards, the cause shall be remanded to the trial court and reassigned to a different judge for further hearing in aggravation and mitigation. See *People v. McAndrew (1968), 96 Ill. App. 2d 441.*

*Writ denied; supervisory order entered.*

MR. JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.