THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PERRY OLINGER, Defendant-Appellant.

(No. 73-176;

Third District—December 28, 1973.

*Rehearing denied January 18, 1974.*

James Canfield, of Rockford, for appellant.

Russ Willis, Assistant State's Attorney, of Morrison, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Perry Olinger, pleaded guilty on March 29, 1973 to the offense of illegal possession of explosives in violation of Illinois Revised Statutes 1971, ch. 93, par. 152.1 and was sentenced by the Circuit Court of Whiteside County to imprisonment in the penitentiary for a term of from two to eight years.

No questions are raised regarding any irregularities or errors with respect to the proceedings prior to the entry of the judgment of conviction pursuant to defendant's guilty plea. The only questions raised on this appeal relate to the propriety of the sentence.

Defendant argues the court erred in denying his request for probation, that this court should grant him probation and alternatively, the defendant insists the sentence is excessive both because the court considered prejudicial matters and because his circumstances and the nature of the crime do not warrant the punishment imposed.

Since this case was filed, *People ex rel. Ward v. Moran*, 54 Ill.2d 552, 301 N.E.2d 300, was decided by the Illinois Supreme Court and the conclusion of the court was this appellate court is not authorized to grant probation. Accordingly, the defendant's request that he be granted probation is without merit. Furthermore, even though the aforementioned case might authorize remand of a case for further consideration where it appeared the trial court's action in denying probation might be deemed arbitrary and capricious, we find nothing in the facts which would warrant remand in this case. Generally speaking, the evidence regarding the propriety of granting probation is the same as that which the court considered in determining and imposing the penitentiary sentence. Since it is our conclusion the sentence imposed was not excessive and was not based on prejudicial evidence, our observations with respect

to the sentence are equally applicable to any issues raised regarding probation.

■■ The principal evidence which defendant argues was improperly considered by the trial court relates to the reference by the State's Attorney to the fact that other charges for which defendant was indicted were dropped as a part of the plea negotiations. Defendant's plea of guilty was the result of plea negotiations which included the dropping of the other charges but did not include any provision relating to the sentence to be imposed nor did the State agree to make any particular recommendation of sentence. The reference to the other charges which were dropped was included in the argument of the State's Attorney and after reviewing the record we are of the opinion no error was committed and no prejudice could have resulted.

Defendant concedes the trial court was already aware that other charges had been dropped and that such an awareness was neither improper nor prejudicial. However, defendant suggests that because the State's Attorney made a passing reference to such fact in his argument, the trial court's determination was prejudicially affected. We find no merit in this contention because no attempt was made by the State's Attorney to infer the defendant was guilty of the other charges and the reference thereto did not bring anything to the attention of the trial court of which it was not already properly aware.

■■ Defendant's next contention is that the sentence is excessive and we should have granted probation because he had not been convicted of any prior felonies and had not been placed on probation before. This argument loses most of its substance when a review of the record reveals the defendant had been convicted of a series of misdemeanors which had culminated in a conviction and sentence of nine months in the State Penal Farm. We do not regard the sentence imposed in this case as any departure from the fundamental principles affecting sentencing where a prior substantial sentence of incarceration was meted out even though the offense was designated as a misdemeanor. Such evidence demonstrates defendant's inability to conform his conduct to the rules required and adequately justifies the necessity of sterner measures as represented by the penitentiary sentence in this case. We believe the sentence imposed represents an appropriate exercise of discretion by the trial court.

For the foregoing reasons, the judgment of the Circuit Court of Whiteside County is affirmed.

Judgment affirmed.

ALLOY, P. J., and DIXON, J., concur.