(No. 47204

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. FRANCES EUGENE BOLYARD, Appellant.

*Opinion filed November 17, 1975.*

CREBS, J., took no part.

Richard J. Wilson, Deputy Defender, Office of State Appellate Defender, of Springfield (John L. Swartz, Assistant Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Basil G. Greanias, State's Attorney, of Decatur (James B. Zagel and Robert E. Davy, Assistant Attorneys General, of counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Following a bench trial in the circuit court of Macon County on October 22, 1973, defendant, Frances Eugene Bolyard, was convicted of indecent liberties with a child and sentenced to 6 to 18 years in the penitentiary. On appeal, the appellate court affirmed his conviction. (*People v. Bolyard*, 23 Ill. App. 3d 497.) We granted defendant leave to appeal, and the sole issue presented is whether the trial court's announced sentencing policy was arbitrary and failed to conform to the standards of the Unified Code of Corrections. Due to the limited scope of this review, only those facts necessary for a determination of the issue on appeal will be related.

At the completion of defendant's trial and after a finding of guilt, a presentence hearing was conducted. The trial judge informed the parties that he was prepared to hear arguments on the question of whether defendant should be sentenced to a period of probation rather than imprisonment. Following the presentation of these arguments, the trial judge stated:

> "There was a time some years back in this court when the then judges of the court had what amounted to an inflexible policy that any crimes involving physical violence, any crimes involving sexual violence, were simply not probationable, and the lawyers in that day didn't even submit probation requests. The net effect of submitting a probation request at that time was only to increase the sentence of your client. This was a matter that was well understood by the Bar of the Sixth Circuit. In recent years, perhaps that policy has been relaxed somewhat, although personally I still subscribe to it."

He then recited the facts of the case as disclosed by the testimony of various witnesses, and found that there was no excuse for what was, in his opinion, the "most sinful, reprehensible act of all offenses." The trial judge expressed no hesitation in denying defendant's request for probation, and sentenced him to imprisonment.

Defendant maintains that the trial judge superimposed his personal belief in the severity of the crime charged and was predisposed to disregard arguments for probation. He relies upon the Unified Code of Corrections which specifically provided that a period of probation was a possible sentence alternative for the crime of which he was convicted. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—3(d).) Moreover, the Unified Code required the trial court to hear arguments on sentencing alternatives (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—1), and specified the factors the trial judge should consider in imposing a term of imprisonment or a period of probation. Those factors are:

"(a) The court shall impose a sentence of imprisonment upon an offender if, having regard to the nature and circumstances of the offense, and to the history, character and condition of the offender, the court is of the opinion that:

(1) his imprisonment is necessary for the protection of the public; or

(2) the offender is in need of correctional treatment that can most effectively be provided by a sentence to imprisonment; or

(3) probation or conditional discharge would deprecate seriousness of the offender's conduct and would be inconsistent with the ends of justice.

(b) The court may impose a sentence of conditional discharge for an offense if the court is of the opinion that neither a sentence of imprisonment nor of probation supervision is appropriate." Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—1.

This court has consistently held that the question of granting probation is within the discretion of the trial court. (*People ex rel. Ward v. Moran* (1973), 54 Ill.2d 552, 555.) The scope of review from a denial of an application for probation is limited to the extent of determining whether the trial court did, in fact, exercise its discretion or whether it abused that discretion by acting in an arbitrary manner. *People v. Saiken* (1971), 49 Ill.2d 504, 514-15.

In *People v. Hamby* (1955), 6 Ill.2d 559, it was found that no error occurred in the denial of an application for probation, an authorized disposition under the law effective at that time, based upon the personal opinion of the trial judge that sellers of narcotics, who are found guilty, "are certainly never entitled to probation." (6 Ill.2d at 563.) We do not believe, however, that the basis for the trial judge's summary denial of probation as detailed in *Hamby* is consistent with present concepts of sentencing procedures and alternative sentences under the Unified . Code of Corrections.

In the present case the trial judge heard defendant's argument for granting probation and then expressed his opinion that perpetrators of such a crime should not receive probation. Under these circumstances we find, as the record affirmatively shows, that the trial judge arbitrarily denied probation because defendant fell within the trial judge's category of disfavored offenders. Accordingly, defendant is entitled to a new hearing to determine his sentence based upon the consideration of proper factors.

Defendant requests that this court modify his sentence and grant probation under the provisions of Supreme Court Rule 615(b) which provides, in pertinent part, that on appeal the reviewing court may "reduce the punishment imposed by the trial court." (Ill. Rev. Stat. 1973, ch. 110A, par. 615(b).) But in *People ex rel. Ward v. Moran* (1973), 54 Ill.2d 552, 556, we held that Rule 615 "was not intended to grant a court of review the authority to reduce a penitentiary sentence to probation." Defendant, however, seeks to distinguish the decision in *Moran* as being predicated upon the recognition of the qualitative distinctions between probation and imprisonment. He argues that under prior law, which was effective at the time of the trial court's judgment in *Moran*, probation was not considered a sentence (*People ex rel. Barrett v. Bardens* (1946), 394 Ill. 511); whereas under the Unified

Code of Corrections, probation is a statutorily recognized sentence (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—3(d)). He concludes that this distinction has eroded the present applicability of *Moran.* In support of this contention, defendant cites the recent appellate court decision in *People v. Rednour* (1974), 24 Ill. App. 3d 1072, which recognized this distinction in holding that a reviewing court has authority under Rule 615 to reduce a term of imprisonment to probation. Further review of the *Rednour* case was not sought. Compare *People v. Rege,* 30 Ill. App. 3d 127, appeal allowed, No. 47850, with *People v. Meyer,* 30 Ill. App. 3d 673, appeal denied, No. 47877.

While the decision in *Rednour* supports defendant's position, it is not binding upon this court. An examination of the briefs filed in *Moran* reveals that the distinction upon which defendant relies, as to the classification of probation as a sentence, was advanced in support of the position that the scope of Rule 615 permitted the reduction of a penitentiary sentence to probation. We adhere to the decision announced in *Moran.* Rule 615 does not grant a reviewing court the authority to reduce a sentence of imprisonment to a sentence of probation. The present statutory provisions regarding probation are akin to those recited in *Moran,* wherein we stated: "the penalty to be imposed must be determined on an individual basis. The probation statute \*\*\* enumerated the factors which would enter into the trial court's reasoned judgment regarding the propriety of probation in each case based upon the circumstances. While there were mandatory conditions of probation established, the trial court was vested with discretion to impose additional conditions such as restitution of property, payment of a fine or payment of expenses directly related to the criminal offense. (Ill. Rev. Stat. 1969, ch. 38, par. 117—2(b).) Moreover, that court was statutorily authorized to determine whether a defendant had violated probation and to alter the terms of probation or incarcerate him if such

finding was made. (Ill. Rev. Stat. 1969, ch. 38, par. 117—3.) We believe that examination of the pertinent statutes supports the conclusion that the striking of such balance should of necessity more appropriately remain within the purview of the trial court." (54 Ill.2d at 555-556; see Ill. Rev. Stat. 1973, ch. 38, pars. 1005—6—3(b), 1005—6—4.) We further note that the court which is charged with the responsibility of sentencing is empowered to conduct an evidentiary hearing to gather the information required for a reasoned judgment. This judgment is based upon the circumstances of each case, including such factors as the demeanor of the witnesses and their credibility. We find that such factors can more properly be considered by the trial court.

Accordingly, that portion of the appellate court judgment affirming defendant's sentence is reversed, and the cause is remanded to the circuit court of Macon County for resentencing by a judge other than the trial judge under the provisions of section 1005—5—3(d) (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—3(d)). See *People ex rel. Ward v. Moran* (1973), 54 Ill.2d 552, 557.

*Reversed in part and remanded, with directions.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.