THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID L. HUFFMAN, Defendant-Appellant.

Fourth District    No. 15174

Opinion filed November 15, 1979.

GREEN, J., dissenting.

Edward R. Green, of Springfield, for appellant.

Tracy Resch, State's Attorney, of Marshall (Marc D. Towler and Karen L. Boyaris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

On June 2, 1978, defendant entered a plea of guilty to two counts of burglary and one count of criminal damage to property in violation of sections 19—1(a) and 21—1(a) of the Illinois Criminal Code (Ill. Rev. Stat. 1977, ch. 38, pars. 19—1(a), 21—1(a)). Defendant also pled guilty to one count of possession of a stolen vehicle, a violation of section 4—103 of the Illinois Title and Registration Law (Ill. Rev. Stat. 1977, ch. 95½, par. 4—103). On June 21, 1978, the defendant was sentenced to serve terms in the penitentiary of four years on each of the burglary counts, three years for the count of criminal damage to property, and one year on the count of

possession of a stolen vehicle. The defendant filed a motion to reduce sentence which was denied. The defendant did not file a motion for leave to withdraw his plea of guilty as required by Supreme Court Rule 604(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d)). This court has, however, exercised jurisdiction to hear this appeal.

All charges against the defendant arose from incidents occurring on April 23 and April 24, 1978. On April 23 the defendant, without authorization from the Huisinga Grain Company, entered a truck located on that property and drove it west on Route 40 until it ran out of gas. The defendant abandoned the vehicle and fled on foot. On April 24, the defendant accompanied by Tonja Graham, Jody Minor, and Misty Davis, broke and entered into the Casey Liquor Store and removed $100 worth of liquor. Subsequently, the defendant and his companions traveled to the Moonshine Store, a rural grocery store in Clark County. After prying open a door, they entered the store and removed approximately $600 worth of merchandise. Thereafter, while the others waited outside, the defendant took a piece of wood and broke several glass display cases and turned over others. Approximately $1,000 worth of damage was done.

Defendant on appeal argues that the trial court acted arbitrarily and abused its discretion in denying probation.

Section 5—5—4.1 of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—4.1) provides that the defendant has a right of appeal from sentences entered upon conviction of a felony, that on such appeal "there is a rebuttable presumption that the sentence imposed by the trial judge is proper," and that a reviewing court is authorized to modify the sentence and enter any sentence that the trial judge could have entered, or enter "an alternative sentence to a prison term."

The record discloses that no evidence in aggravation or mitigation was presented at the sentence hearing, but that matters relevant to determining the sentences were presented through facts stated in support of the pleas of guilty, and the presentence report prepared by a probation officer. At the hearing upon defendant's motion to reduce sentence, defendant was not present and no evidence was heard.

Defendant's counsel argued the issues upon sentence which he deemed to justify probation, both at the sentence hearing and at the hearing upon the motion to reduce. It was agreed that substantial economic losses were suffered as a result of the burglaries. Counsel emphasized that the defendant was but 17 years of age with the judgment of a juvenile, and that the series of offenses for which he was convicted occurred within a span of two days and should be treated as a single occurrence. Counsel's claim of defendant's remorse is supported in the presentence report and to some extent by the pleas of guilty. While we

find no specific evidence upon the subject, at each hearing it was urged that defendant's restitution was available to mitigate the economic loss. The presentence report discloses a stable family of parents and siblings, albeit no evidence appears upon the guidance and control which the family might provide if probation was granted. The report shows that defendant was a high school dropout with little responsible employment. There were no convictions other than a disorderly conduct charge upon one occasion.

Counsel argued, as factors in mitigation, that the defendant did not cause or contemplate serious harm or injury to any person; that his remorse and attitude indicated that he was unlikely to commit another crime, but rather that he was likely to comply with the terms of probation. Counsel sought a maximum probation with conditions of a jail term and restitution.

The probation officer, through his report, advised that mental health counselling was available and that while the crimes were serious and the prognosis difficult, probation was a possibility. The report notes, "The outcome of this case could well determine how this young man's life will turn out in the years to come."

Section 5—6—1(a) provides in part:

"(a) Except where specifically prohibited by other provisions of this Code, the court shall impose a sentence of probation or conditional discharge upon an offender unless, having regard to the nature and circumstance of the offense, and to the history, character and condition of the offender, the court is of the opinion that:

(1) his imprisonment or periodic imprisonment is necessary for the protection of the public; or

(2) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice." Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—1(a).

In *People v. Cox* (1979), 77 Ill. App. 3d 59, 396 N.E.2d 59, this court noted that the present Unified Code of Corrections "enumerates specific, objective criteria (factors in aggravation and mitigation) which are to be considered in imposing or withholding various forms of punishment. (Ill. Rev. Stat., 1978 Supp., ch. 38, pars. 1005—5—3.1, 3.2, 5—8—2.) Finally in sentencing offenders for felony convictions the judge is required to set forth on the record his reasons for his sentencing determination. Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—4—1." *Cox* concluded that the legislature contemplated that the reviewing court should seek to determine whether or not the sentence imposed deviated from the sentencing objectives stated in the Unified Code of Corrections. (Ill. Rev.

Stat., 1978 Supp., ch. 38, pars. 1005—5—3.1, 1005—5—3.2.) That conclusion is stated in other comparable language when it was said that the reviewing court had the duty to ascertain whether the sentence "was appropriate under all the facts and circumstances * * *." *People v. Choate* (1979), 71 Ill. App. 3d 267, 273, 389 N.E.2d 670, 674.

In imposing sentence, the trial court stated:

"I have searched these files and the report of investigation for mitigating circumstances and I can find none. I find the granting of probation or conditional discharge to either defendant would deprecate the seriousness of their conduct and would be inconsistent with the ends of justice. The very nature and circumstances of the offenses for which each defendant stands convicted requires for the protection of the public that they be imprisoned. I further find imprisonment to be necessary as a deterrent to others. * * *."

Section 5—5—3.2 of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2) provides seven "factors in aggravation" as framed by the legislature. Of the relevant factors, the trial court found only the aggravating factor that imprisonment was necessary "to deter others from committing the same crime." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(7).) Although he found that defendant caused perverse economic loss, the trial court did not find, and the record does not show that defendant caused or threatened to cause serious harm to another (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(1)), or that defendant had a history of delinquency or criminal activity (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(3)).

The Unified Code of Corrections section 5—5—3.1 (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.1), states 12 factors to be considered in mitigation or in favor of withholding imprisonment. Correlative to the factors in aggravation, the record supports the mitigating factors that defendant did not cause or threaten "serious physical harm to another" (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.1(1)), that he did not contemplate that he would cause or threaten to cause such physical harm (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.1(2)), and that he had no critical prior history of criminal activity. As to other mitigating factors stated in the Code, defendant's counsel urged that defendant would compensate the victims for the economic damage sustained, that the conduct was under circumstances unlikely to again occur, and that the defendant was likely to comply with the terms of probation. While upon this record the prognosis as to the latter factors is uncertain, the report of the probation officer concludes that defendant is remorseful and is ready to seek a law-abiding way of life.

The defendant was but 17. It is not clear whether the criminal conduct present was motivated by youthful bravado and irresponsibility or had a more criminal quality. The record, however, does not yet demonstrate a chronic offender with no hope of salvation. We speak again of the statement of the probation officer: "The outcome of this case could well determine how this young man's life will turn out in the years to come." There is a substantial question as to whether a term of imprisonment for an immature first offender is related to the ends of justice. (See *People v. Knowles* (1979), 70 Ill. App. 3d 30, 33-34, 388 N.E.2d 261, 264.) In a penitentiary there is anger, bitterness, and no escape from a continuing association with more sophisticated criminals. It is a function of probation to provide a youthful first offender whose future is uncertain or doubtful with the benefit of supervision under the guidance of the court system, while it is better determined whether or not his life may be directed away from criminal activity. If he rejects the life of a law-abiding citizen there is the ultimate recourse of probation revocation and an appropriate sentence of imprisonment. Where successful, probation is an alternative by which the ends of justice may be better served.

The trial court's objective of imposing a sentence which deters like crimes by others is indeed appropriate. As to a young first offender, a substantial period of probation supervision with lesser incarceration other than in a penitentiary, and the making of restitution for damages inflicted is not necessarily a trivial penalty which may be scoffed at by potential offenders.

In *People v. Knowles* (1979), 70 Ill. App. 3d 30, 388 N.E.2d 261, this court determined that where imprisonment is for the single purpose of deterence, this sentence must be further reviewed. Section 1—1—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1001—1—2) includes the legislative purposes to seek out the differences in possible rehabilitation to the end that offenders may be restored to useful citizenship. Upon examination of this record in the light of the statutory factors in aggravation and mitigation and of the stated legislative purpose, we conclude that the propriety of the sentence has been rebutted.

Upon such analysis, we reduce defendant's sentence to a sentence of four years' probation upon the burglary charges with a condition of three months' imprisonment (Ill. Rev. Stat., 1978 Supp., ch. 38, pars. 1005—6—2(b)(1), 1005—6—3(d)). The cause is further remanded to the trial court to determine appropriate periods of probation upon the remaining convictions, for the imposition of further conditions of probation relevant to making restitution for the damages inflicted, and such other terms as

the trial court shall find appropriate to establish a stable home life with educational or other necessary training.

Sentence reduced; cause remanded with directions.

REARDON, P. J., concurs.

Mr. JUSTICE GREEN, dissenting:

Although I agree that the propriety of the sentence has been rebutted, I do not think that we have jurisdiction to reduce the sentence to probation.

My position is based upon the same reasons I set forth in my dissent in *People v. Cox* (1979), 77 Ill. App. 3d 59, 396 N.E.2d 59. *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 66, 237 N.E.2d 495, 498, sets the precedent that provisions of the Judicial Article of 1962 (Ill. Const. 1870, art. VI (1964)), reenacted in article VI of the Illinois Constitution of 1970, "placed responsibility for rules governing appeal in the Supreme Court, and not in the General Assembly." Thus, even if the supreme court had seen fit to enact a rule authorizing the appellate court to reduce a sentence to probation, the legislature could not authorize us to do so.

Moreover, here the legislation by which the majority would reduce the sentence to probation concerns a precise appellate court power upon which the supreme court has enacted a rule. Supreme Court Rule 615 (58 Ill. 2d R. 615) authorizing us to reduce sentences has been held by that court to not authorize reductions of sentences to probation. (*People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168; *People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552, 301 N.E.2d 300.) Although the rule does not expressly prohibit the appellate court's reduction of a sentence to one of probation, the legislature's action attempting to expand the appellate court's power beyond that given by the rule is more clearly a violation of the *Stamos* doctrine than would be the case if the legislation involved a power of the court upon which no rule had been enacted.

Accordingly, I would reverse the sentence and remand to the trial court for resentencing.