THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERASTUS SPENCER, Defendant-Appellant.

Second District    No. 79-800

Opinion filed April 23, 1981.—Rehearing denied May 13, 1981.

Mary Robinson and Kyle Wesendorf, both of State Appellate Defender's Office, of Elgin, for appellant.

Gene Armentrout, State's Attorney, of Wheaton (Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

The defendant, Erastus Spencer, was found guilty by a jury of the offenses of rape and burglary in the circuit court of Kane County and sentenced to concurrent terms of imprisonment of three years for the burglary and 12 years for rape. On March 8, 1979, the defendant had broken into the victim's apartment and, under the threat of choking her if she did not remain silent, raped her and burglarized the apartment.

The only issue raised on appeal is whether the trial court based the sentence for rape solely on its subjective attitude regarding rape and failed to consider the history and character of the defendant or the circumstances surrounding the offense so that the sentence was, therefore, improper.

At the sentencing hearing, the trial judge stated that he had considered the presentence report and the other evidence presented at the sentencing hearing. Citing "the minimal damage to the residence" and the fact that it was the defendant's "first such offense," the trial judge sentenced him to the minimum three years for the burglary.

He then proceeded to sentence the defendant for the rape. First, he characterized the crime as the most reprehensible next to murder, a crime which could, though apparently did not in this case, leave a victim permanently damaged emotionally, and one for which no restitution is possible. He then stated that the punishment for the Class X crime of rape, which is a nonprobationable determinate term of six to 30 years, "has had little deterring effect as far as this Court can determine." He stated his belief that there had actually been an increase in rapes, both reported and unreported, and went on to observe as follows:

"I feel the day will come when our society will approve and perhaps even demand the loss of an appendage or in some other fashion rendering the wrongdoer incapable by surgery of perform-ing certain acts if that is the only effective punishment that we can have to deter crimes such as this involving the invasion in any manner or in any regard in the body of another, be that victim young or old, female or male."

Then, the trial judge sentenced the defendant to 12 years for rape to run concurrently with the burglary sentence of three years, after saying that he would not sentence the defendant to the maximum of 30 years because of the presentence report and the testimony of witnesses.

These remarks, the defendant contends, disclose that the trial judge substituted his personal, emotional and subjective feelings regarding the offense for adherence to the statutory and constitutional standards which he must follow. Ill. Const. 1970, art. 1, §11; Ill. Rev. Stat. 1979, ch. 38, par. 1001—1—2.

The defendant maintains that the court's purpose in sentencing him for rape was to exact retribution and vindicate all victims of the offense of rape, not on the basis of the facts of this case, but because the defendant belonged to a class of offenders whom the trial court found most offensive.

In support of his position the defendant cites *People v. Bolyard* (1975), 61 Ill. 2d 583, wherein the Illinois Supreme Court held that the trial court erred when it denied probation to the defendant because it felt that those convicted of taking indecent liberties with a child were not, as a class, entitled to probation, even though the statute allowed for probation as a possible sentence. We agree that it is improper to limit arbitrarily the statutory sentencing alternatives for a certain class of offenders. However, there is no showing that the trial court in this case excluded any sentencing alternative authorized by statute for those convicted of the offense of rape.

The defendant also cites *People v. McAndrew* (1968), 96 Ill. App. 2d 441, wherein this court reversed and remanded a 2- to 3-year sentence for marijuana possession because the trial court had not fully and fairly considered all factors relating to the defendant's application for probation because of the trial judge's own strongly held feeling regarding the behavior of hippies as a class, a class with which the defendant sought to be identified. The judge's comments in *McAndrew* related his personal dislike for the lifestyle of hippies, referred to other crimes that had no basis in the record and patently disregarded important psychiatric evidence. Unlike *McAndrew*, the trial judge in the present case did not evidence a personal dislike for the defendant's lifestyle or refer to any crimes not of record. The comments were related to the nature of the offense of rape, the offense for which the defendant had been tried and convicted. Rather than disregarding important evidence relating to mitigation and aggravation, the judge specifically referred to both mitigation and aggravation evidence as it contributed to the sentencing determination.

One of the purposes of the Unified Code of Corrections is to forbid and prevent the commission of offenses. (Ill. Rev. Stat. 1979, ch. 38,

par. 1001—1—2(b).) One of the few opportunities that judges have to stress the seriousness of crimes is in their statements from the bench. Their words are meant to reach the criminal defendant and the general public as well, to emphasize that society will not tolerate the behavior constituting the particular offense and that offenders will be punished for its commission. The trial judge in the instant case used the sentencing hearing to comment on the seriousness of the offense of rape, the offense for which the jury had found the defendant guilty, and it was appropriate for him to do so.

■■ The trial judge need not limit his remarks in this regard to the details of the instant offense. In *Coker v. Georgia* (1977), 433 U.S. 584, 597-98, 53 L. Ed. 2d 982, 992-93, 97 S. Ct. 2861, 2869, the United States Supreme Court observed that, next to homicide, rape is "the ultimate violation of self" often involving physical injury and the infliction of mental and psychological damage as well. Like the trial judge in the case at bar, the Supreme Court did not limit its comments to the details of the offense in that particular case. The trial judge in the present case made clear in his comments that he recognized that this particular victim apparently did not suffer permanent emotional damage.

It is not proper to infer that, because he expressed strongly-held views concerning the seriousness of the crime of rape, the trial judge substituted his personal feelings regarding the crime for the statutory sentencing considerations. The record discloses that the trial judge did follow necessary standards. In announcing sentence he stated that he had heard and considered evidence in both aggravation and mitigation. His statement that he would have imposed the maximum 30-year term in the absence of the mitigation evidence presented does not indicate that the trial judge automatically began consideration of sentence in every rape case with the view that the maximum sentence be imposed; rather, it indicates that, in view of the aggravating factors present in this particular case, he would be inclined to impose the maximum sentence in the absence of the mitigating evidence.

Although the State did not present additional evidence in aggravation at the sentencing hearing, the trial judge had heard all of the evidence adduced at trial. In his written order of sentence he stated two statutory aggravating factors present in this case: (1) the defendant inflicted or attempted to inflict serious bodily injury to another person, and (2) the sentence is necessary to deter others from commission of the same offense. The record supports the finding that the defendant did inflict or attempt to inflict serious bodily harm on the victim both because of the commission of the rape upon her and the fact that in the course of the offense he threw the victim back on her bed, shook her and threatened to choke her if she would not be quiet. In this regard, it should be noted that the defendant weighed over 200 pounds in comparison to the victim, who

weighed about 115 pounds, and that the victim knew the defendant for several years and knew he was a former football player.

Finally, it should be noted that the standard which we must apply in determining whether or not the trial court erred in fixing sentence is whether the trial court abused its discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149; *People v. Lykins* (1979), 77 Ill. 2d 35, *cert. denied* (1980), 445 U.S. 952, 63 L. Ed. 2d 787, 100 S. Ct. 1602.) *Perruquet* defers to the trial judge's better opportunity to consider the circumstances of each case stating as follows:

> "[T]he trial judge was in the best position to observe and evaluate the myriad factors which comprise the sentencing determination. It is not our function to serve as a sentencing court, and we will not substitute our judgment for that of the trial court merely because we feel that we would have imposed a different sentence had that function been delegated to us." (68 Ill. 2d 149, 156.)

This standard was recently reaffirmed in *People v. Cox* (1980), 82 Ill. 2d 268, 281.

■ In the case at bar, the trial judge received evidence in aggravation and mitigation. Although the defendant says the trial court gave no consideration to the rehabilitative potential of the defendant, both the trial judge's oral remarks and his written order indicate that he considered the evidence in aggravation and mitigation in fixing sentence. There is no showing in the record that he arbitrarily excluded or otherwise limited any sentencing alternatives. In reaffirming the *Perruquet* standard, the Illinois Supreme Court said:

> "[T]he standard of review of a sentence claimed to be excessive is whether in fact that trial court exercised its discretion and, if so, whether this discretion was abused." (*People v. Cox* (1980), 82 Ill. 2d 268, 275.)

On the facts of this case, we determine that the trial court did exercise its discretion, and a sentence of 12 years for the offense of rape under the circumstances of this case was not an abuse of discretion.

The judgment and sentence of the trial court of the circuit court of Kane County, Sixteenth Judicial Circuit, is affirmed.

Affirmed.

UNVERZAGT and REINHARD, JJ., concur.