THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALEXANDER ROGERS, Defendant-Appellant.

Fifth District    No. 80-355

Opinion filed October 21, 1981.

John J. Barrett and Mary Robinson, both of State Appellate Defender's Office, of Elgin, for appellant.

John Baricevic, State's Attorney, of Belleville (Martin N. Ashley and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant, Alexander Rogers, appeals the sentence of 30 years' imprisonment imposed by the circuit court of St. Clair County after defendant was convicted of rape upon a plea of guilty.

On January 30, 1979, defendant withdrew his not guilty plea and entered a plea of guilty to the charge of rape. In exchange for that negotiated plea the State agreed to (1) recommend a sentence of 20 years' imprisonment and (2) dismiss count II of the indictment charging defendant with aggravated kidnapping. At that point the trial judge admonished defendant that the court was not bound by the State's recommendation. In response to questioning by the court, defendant stated that his plea was voluntary and that he understood sentencing to be exclusively the prerogative of the court. After determining that the plea was not induced by use of threats or promises and after ascertaining that defendant had prior convictions for rape and robbery, the court advised defendant of the possible sentences that could be imposed and fully admonished him pursuant to Supreme Court Rule 402 (73 Ill. 2d R. 402).

Following those admonitions, the court asked for the factual foundation of the plea. The prosecutor stated that at approximately midnight one evening defendant and his companion pulled their van behind an automobile which had stalled in St. Louis, Missouri. They helped the driver get her vehicle started, but once that was accomplished defendant's companion grabbed the woman by the neck and forced her into the van. As she continued to struggle defendant threw a blanket on top of her and began choking her. Defendant's companion then drove the van to St. Clair County, Illinois, and during the next three hours the two men raped her twice. The court then accepted defendant's guilty plea and held the cause over for a sentencing hearing on March 9, 1979.

At sentencing no evidence was offered in aggravation or mitigation. After indicating that defendant had been admonished several times that the recommended sentence was not binding on the court, the trial judge stated that he had given the matter a lot of thought and in his opinion men who grab innocent women off the streets are "the lowest form of human life * * * like some vulture waiting to prey on the defenseless." The court stated that it had considered the fact that serious bodily harm was inflicted and that in view of his prior record it found defendant's rehabilitative potential to be low and the need to deter and to protect others to be high. After imposing a sentence of 30 years' imprisonment the court stated: "I might say in imposing this sentence I have nothing but the greatest contempt for people like you * * *."

After imposing sentence, the trial court advised defendant that he had 30 days to file a written motion seeking to withdraw the guilty plea. No written motion was filed by the April 9, 1979, deadline, but shortly

thereafter defendant wrote to both the circuit court clerk and the appellate defender stating that his retained counsel had not followed his directions to file such a motion. Thereafter the trial court ordered the circuit clerk to prepare a notice of appeal to this court. This court entered a rule upon defendant to show cause why the appeal should not be dismissed for failure to file a motion to withdraw his guilty plea as required by Supreme Court Rule 604(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d)). Defendant's response was an affidavit stating that his attorney neglected to act as instructed. We therefore issued an order remanding the cause with directions that defendant be allowed to file a motion to withdraw his plea, and we discharged the rule to show cause.

Following remand, the motion to withdraw the plea of guilty was filed, supported by an affidavit alleging his attorney's failure to follow instructions. A hearing was held and defendant testified that his attorney told him that if he pleaded guilty he would only receive a 20-year sentence. Defendant did admit that he remembered stating that he understood the court was not bound by the plea negotiation, but he stated that he did not fully understand the admonishment because he was so nervous at the time of sentencing. In denying the motion to withdraw the plea of guilty, the court stated that defendant had not appeared nervous at sentencing and that defendant had fully understood the admonitions he had been given.

Following denial of his motion to withdraw plea, defendant filed notice of appeal, and the State Appellate Defender was appointed to represent him. The State Appellate Defender moved to withdraw representation of defendant, claiming a conflict of interest due to its prior representation of defendant's companion in the crime, Elvis Jefferson, who was also convicted of rape in a separate trial. This court denied that motion, and the supreme court denied the application by the State Appellate Defender for a writ of *mandamus* directing this court to grant the motion to withdraw.

Defendant now appeals contending (1) the Appellate Defender should be allowed to withdraw and (2) the 30-year sentence was excessive.

Defendant's co-defendant, Elvis Jefferson, was represented in his appeal by the deputy defender of the Fifth District Office in Mt. Vernon. In that case it was argued that Jefferson's 30-year sentence was excessive in view of the fact that he was a 22-year-old first offender who had received the same sentence as defendant Rogers who was more culpable and also had a prior record of convictions. The Jefferson case, our number 79-382, was disposed of by an order filed on May 16, 1980.

Presumably in order to avoid a potential conflict, the State Appellate Defender assigned the representation of defendant in this appeal to the

deputy defender from the Second District Office in Elgin. As noted, one of the points raised in the brief filed on behalf of defendant raises the issue regarding permission to withdraw because of the asserted conflict of interest.

The parties are not in agreement over the extent to which a conflict of interest as to one attorney in one district State Appellate Defender's Office disqualifies all members of the State Appellate Defender's staff in all districts. In *People v. Robinson* (1979), 79 Ill. 2d 147, 402 N.E.2d 157, the supreme court held that a conflict as to one attorney in a public defender's office is not a *per se* conflict as to all attorneys in that office. The court noted that there is no statewide public defender system and that substantial differences exist as to the degree of centralization within individual offices, making a case-by-case determination necessary.

Unlike the public defender system, the State Appellate Defender system is statutorily centralized by the State Appellate Defender Act as a single entity separated into five district offices. (Ill. Rev. Stat. 1977, ch. 38, par. 208—1 *et seq.*). Section 3 of the State Appellate Defender Act (Ill. Rev. Stat. 1977, ch. 38, par. 208—3) creates the office of State Appellate Defender, and section 10 (Ill. Rev. Stat. 1977, ch. 38, par. 208—10) of the Act defines his powers and duties. Section 9 of the Act (Ill. Rev. Stat. 1977, ch. 38, par. 208—9) directs the State Appellate Defender to appoint a deputy defender for each judicial district to serve as the administrator of the district office. It is within this framework that the State Appellate Defender performs his duty, imposed by section 10 of the Act, of representing indigent persons on appeal in criminal cases.

Although an argument can be made that a conflict as to one assistant state appellate defender is a conflict as to all, it is evidence that appellate representation does not involve to the same extent the risk attending trial representation that confidential communications will be abused or that divided loyalty will interfere with an attorney's ability to develop a favorable trial record. (See *Holloway v. Arkansas* (1978), 435 U.S. 475, 55 L. Ed. 2d 426, 98 S. Ct. 1173.) We believe these critical distinctions dictate that a standard less rigorous than the one applied to conflict of interest in trial representation ought to be applied in determining whether an assistant appellate defender is confronted with a conflict of interest as the result of action taken by another member of the appellate defender's staff. At the same time that we hold the standard less rigorous for determining whether a conflict of interest exists where co-defendants are represented by the State Appellate Defender, whether from the same or separate district offices, we nevertheless believe that consideration of the matter should be within the ambit of the guidelines laid down by the supreme court for public defender's offices in *People v. Nelson* (1980), 82 Ill. 2d 67, 73, 411 N.E.2d 261, 264-65,

"In *People v. Robinson* (1979), 79 Ill. 2d 147, this court declined to adopt a *per se* rule that attorneys in a public defender's office are members of an entity. We expressed the opinion that 'the decisions of the Supreme Court and this court (see *Glasser v. United States* (1942), 315 U.S. 60, 86 L. Ed. 680, 62 S. Ct. 457; *Holloway v. Arkansas* (1978), 435 U.S. 475, 55 L. Ed. 2d 426, 98 S. Ct. 1173; *People v. Stoval* (1968), 40 Ill. 2d 109; *People v. Kester* (1977), 66 Ill. 2d 162; *People v. Berland* (1978), 74 Ill. 2d 286; *People v. Vriner* (1978), 74 Ill. 2d 329) furnish guidance adequate to avoid conflicts of interest which will impede the furnishing of effective assistance of counsel.' (79 Ill. 2d 147, 159-60.) In *People v. Miller* (1980), 79 Ill. 2d 454, we said that where the question of conflict of interest arises 'a case-by-case inquiry is contemplated whereby it is determined whether any facts peculiar to the case preclude the representation of competing interests by separate members of the public defender's office. See, *e.g., People v. Smith* (1967), 37 Ill. 2d 622.' 79 Ill. 2d 454, 462."

■■ We need not decide here exactly what standard for determination of the existence of a conflict of interest is to be applied because we believe there was no inconsistency in the positions taken by the two assistant appellate defenders from the separate district offices.

In this case and the Jefferson case there was no time at which both defendants were simultaneously represented by the State Appellate Defender. In addition the argument that Jefferson's sentence was excessive in no way conceded the propriety of Rogers' sentence. We therefore conclude that our prior ruling denying the Appellate Defender leave to withdraw was correct. We find no conflict presented by the Appellate Defender's prior representation of Jefferson.

■■ Defendant's contention that his sentence is excessive is based primarily upon *People v. Bolyard* (1975), 61 Ill. 2d 583, 388 N.E.2d 168. In that case defendant was sentenced to an indefinite term of 6 to 18 years' imprisonment for taking indecent liberties with a child. The supreme court remanded for resentencing since the record there showed that the sentence imposed was a byproduct of the trial judge's personal biases. In that case the trial court stated that there was no excuse for the "most sinful, reprehensible act of all offenses." Although that statement is similar to the statement made by this trial court, *Bolyard* was not remanded for that statement. That case was remanded because in denying defendant's request for probation the trial court did not follow statutorily mandated standards but instead stated that it would follow his circuit's unwritten policy of not considering probation for such an offense. The record here does not reveal any such arbitrary action by which statutory standards

were ignored. In this case the trial judge stated that defendant's actions represented "the lowest form of human life." Such statement was doubtless prompted by the brutality and the abduction which accompanied this particular rape. It also reflects consideration by the trial court that the circumstances of the offense bears directly upon whether (1) "defendant's conduct caused or threatened serious harm" and (2) "the sentence is necessary to deter others," both of which are to "be accorded weight in favor of imposing a term of imprisonment." (Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—3.2.) In addition to considering properly the exceptionally reprehensible conduct which accompanied this rape, the court also considered defendant's prior criminal history. On the basis of all of these considerations we cannot conclude that the 30-year sentence was an abuse of discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) Accordingly we affirm.

Affirmed.

KASSERMAN, P. J., and KARNS, J., concur.