NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250708-U

NO. 4-25-0708

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 20, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| TABU HARAMBA TRIPLETT, | ) | No. 22CF691 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's nine-year prison sentence, imposed after his probation was revoked, is neither punishment for conduct while on probation nor excessive.

¶ 2    Defendant, Tabu Haramba Triplett, appeals his sentence for unlawful delivery of a controlled substance of more than 1 gram and less than 15 grams, a Class 1 felony (720 ILCS 570/401(c)(2) (West 2022)). On appeal, defendant argues his nine year prison sentence is (1) improperly based on his conduct for which his probation was revoked and (2) excessive, given his nonviolent behavior and his potential for rehabilitation. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    In July 2022, after defendant sold cocaine twice to a confidential source, defendant was charged with four counts. According to the charges, the first controlled buy occurred on June 22, 2022, on which counts I and II were based. Count I charged defendant

knowingly delivered more than 1 gram but less than 15 grams of a substance containing cocaine (*id.*). Count II charged delivery of less than 1 gram of cocaine (*id.* § (d)(1)). Counts III and IV were based on the second controlled buy, which occurred on June 23, 2022. Count III asserted defendant again delivered more than 1 but less than 15 grams of a substance containing cocaine (*id.* § (c)(2)). Count IV charged delivery of less than 1 gram of cocaine (*id.* § (d)(1)).

¶ 5 On May 24, 2024, defendant entered a negotiated plea of guilty to count I and, in exchange for his plea, the remaining charges were dismissed and defendant was sentenced to 48 months' probation. According to the factual basis for the plea:

> "There was a controlled buy transaction on June [22, 2022]. On this date, a confidential source had purchased cocaine involving this defendant and his son. The order was placed over the phone with the defendant's son, and the defendant *** conducted the actual hand-to-hand transaction with the confidential informant. Purchase price was $200.00, and the weight was 1.4 grams and tested positive for the presence of cocaine."

¶ 6 On September 17, 2024, the State filed a petition to revoke defendant's probation. The State alleged, despite the requirement defendant cooperate with and meet with the probation officer, defendant failed to report to his probation officer as directed during the months of June, July, and August 2024.

¶ 7 After defendant admitted to the allegations in the State's petition, a sentencing hearing was held in March 2025. Defendant did not appear for the hearing. The State asked to proceed *in absentia*. Before ruling in the State's favor, the trial court took judicial notice of the court file, including the "rather telling" presentence investigation report (PSI). The court noted

defendant was told of the sentencing hearing date, and the PSI showed defendant failed to report to probation "a multitude of times" and did not participate in the preparation of that report. The court stated, "Certainly the Court doesn't consider that when deciding what an appropriate sentence would be, but I think I can consider that when it comes to the willfulness of the Defendant's failure to appear in court." The court found defendant's failure to appear to be willful and concluded proceedings would be held *in absentia*.

¶ 8    Turning to the issue of sentencing, the trial court began by admitting the updated March 2025 PSI. According to the PSI, defendant was 55 years old. He completed the eleventh grade in Chicago, Illinois. Beginning in 1989, "defendant's criminal history consists of seven (7) felony offenses, six (6) misdemeanor offenses, and fourteen (14) traffic offenses." In 1993, he was sentenced to 30 months' probation for obstructing justice. Defendant's probation sentence was revoked, and he served one year in the Illinois Department of Corrections (DOC). In 2000, defendant was charged with possession of drug paraphernalia, and the court imposed supervision, which was later revoked. In 2001, defendant was sentenced to probation for theft. Notably, defendant did not appear for sentencing. In 2003, his probation was revoked for, in part, failing to report to the probation officer, and he was sentenced to four years in the DOC. In 2007, defendant was convicted of possession of up to 15 grams of a controlled substance, for which he was sentenced to two years. In 2009, defendant was sentenced to 30 days' incarceration for possession of up to 15 grams of a controlled substance. In 2011, he was sentenced to one year in the DOC for possession of a controlled substance. In 2013, defendant was sentenced to "Drug Court/Probation" for "manufacture/delivery/other amount narcotic schedule III." His probation terminated successfully.

¶ 9    According to the PSI, defendant reported to probation after his court appearance

on January 31, 2025. The reporting officer gave defendant a packet to complete for the PSI and instructed him to return to the office on February 20, 2025. Defendant did not show for the appointment. A letter to meet with the office on March 6, 2025, was sent to the last address provided by defendant. Defendant did not show for that appointment. Defendant called the probation officer on March 18, 2025, and apologized for not contacting probation. Defendant reported he was "going through a lot" and "someone had tried to kill him." The officer scheduled an appointment for defendant to meet with him on March 25, 2025. Defendant failed to report for that appointment.

¶ 10　　　　The reporting officer summarized defendant's use of drugs and alcohol from a 2007 PSI. Defendant began using alcohol at age 18 and used "one half to a pint of cognac per sitting" a "couple times per month." Defendant began using cannabis monthly at age 17. He began using cocaine and heroin at age 18 or 19 and used cocaine almost daily and heroin daily. Defendant's only periods of sobriety occurred when he was incarcerated. Defendant received drug and alcohol treatment at Chestnut Health Systems from 2014 to 2015 while on drug court probation in McLean County. He successfully completed the program in September 2016. According to a Mclean County adult court intake worksheet completed by defendant in June 2024, he was unemployed. He reported no assets. Defendant had financial obligations in multiple McLean County cases, totaling over $5,000.

¶ 11　　　　Defense counsel submitted a letter from defendant's mother, Victoria Triplett. According to Victoria, her son was kindhearted, compassionate, and loving and had suffered multiple tragedies in his life, causing him to make poor choices. Victoria believed he could turn his life around "with positive direction and support." Victoria reported defendant desired "to turn things around."

¶ 12        In its argument, the State requested a sentence of nine years "based on this offense." The State argued, based on his conduct on probation, defendant had no intent to "conform his behaviors to comply with the law." The State argued against a sentence of probation, maintaining that sentence would deprecate the seriousness of the Class 1 delivery offense.

¶ 13        Defense counsel countered by seeking a term of probation. Counsel argued defendant was not evading his responsibilities but was dealing with addiction. Counsel highlighted defendant's probation terms from 1997 and 2013 were successfully completed. Counsel further emphasized defendant's adult son, Trevon, masterminded the drug transaction and was sentenced to an 11-year term for delivery of a controlled substance and unlawful use of a weapon by a felon. Counsel pointed to the discovery that showed, during the second transaction, the confidential source informed officers defendant asked the source for "a pinch since he would be out before what was undoubtedly Trevon Triplett's re-upping on getting more drugs." Counsel noted defendant was unfortunately denied drug court for this offense due to his criminal record.

¶ 14        Before sentencing defendant to nine years in the DOC, the trial court stated the following:

> "So the Court has considered the [PSI] filed in this case. I considered *** a letter from the Defendant's mother. I've considered the arguments of the attorneys; the proffers, the arguments. I considered all statutory factors in aggravation and mitigation. I considered all relevant factors that a court should consider when imposing a sentence in a very serious felony case.

I'm not going to go through every factor. I'm going to highlight one or two. Just because I don't highlight a factor doesn't mean I haven't considered it.

The Defendant has, as all parties are aware, an extreme drug addiction. He was a successful graduate of drug court probation, but he was not eligible for that program for this offense.

He was given an opportunity on probation for this offense and failed pretty miserably on it.

The defense is correct that probation is preferred—the preferred sentence in any case; however, in this Court's opinion there's no way that the Defendant would successfully complete a period of probation and that imposing an additional period of probation in this case would deprecate the seriousness of the offender's conduct and be inconsistent with the ends of justice.

The Court believes that a sentence to [DOC] is necessary for the protection of the public.

*** [I]n looking at the Defendant's extensive prior history it appears that there's been multiple sentences to [DOC].

The Court is going to accept the State's recommendation of nine years."

¶ 15 On April 1, 2025, defendant filed a motion seeking a new sentencing hearing or, in the alternative, reconsideration of his sentence. Defendant argued he was improperly sentenced in his absence and his sentence is excessive, in that it "was greatly at variance with the

spirit and purpose of the law, and manifestly disproportionate to the nature of the offense."

¶ 16        At the hearing on defendant's postsentencing motion, defense counsel began by agreeing the trial court had been "thoughtful in weighing out the evidence in aggravation and the evidence in mitigation" but argued the court had not given proper consideration to the fact the offense had not caused or threatened serious physical harm to another. Counsel further emphasized defendant had taken responsibility for the offense by entering a plea, both to the offense and to the petition to revoke his probation. Defense counsel maintained the nine-year sentence was, "for those reasons," excessive and requested a community-based sentence.

¶ 17        The court denied defendant's request for a community-based sentence, stating:

"In the alternative[,] the defense is asking the Court to reconsider its sentence and is asking for an additional community[-]based sentence.

The Court reviewed and considered all appropriate factors including the [PSI], all factors in aggravation, all the factors in mitigation, the proffers and arguments of the attorneys at the time of the sentencing hearing. The Court considered all of that information which was relevant to the case and did not consider anything that was inappropriate.

The Defendant has an extensive prior record with multiple stays in [DOC]. He received a significant benefit in this case by[,] after multiple stays in [DOC,] being placed on probation for this substance abuse case and really failed to do anything that he was supposed to do *** while on probation.

The Court believes that the sentence that was imposed in this case was appropriate and *** ordered after due consideration of all relevant factors in mitigation, aggravation, and statutory relevant factors or other relevant factors that a court should consider.

So the motion to reconsider the sentence is also going to [be] denied."

¶ 18    This appeal followed.

¶ 19                            II. ANALYSIS

¶ 20    Defendant argues his sentence is excessive, asserting first the trial court improperly sentenced him based on his conduct while on probation rather than focusing on the underlying offense. Defendant contends the court "almost entirely focused on [his] inability to comply with the conditions of his probation, rather than on the conduct underlying the original offense of delivery of a controlled substance."

¶ 21    When a defendant is sentenced to probation and the probation is later revoked, that defendant may be sentenced to any term appropriate for the original offense. *People v. Young*, 138 Ill. App. 3d 130, 134-35 (1985); see *People v. Rodriguez*, 2025 IL App (4th) 250108-U, ¶ 34. Here, defendant's sentence made him eligible for a sentence of probation (see 730 ILCS 5/5-6-1(a) (West 2024)), the disposition defense counsel requested, or a sentence of imprisonment for 4 to 15 years (*id.* § 5-4.5-30(a)).

¶ 22    Sentencing courts, while not permitted to use a sentence for the underlying offense to punish a defendant for his or her conduct while on probation, may consider that conduct when considering the defendant's potential for rehabilitation. *Young*, 138 Ill. App. 3d at

135; see *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 97. When faced with the argument a sentence within the statutory range for the original offense was improperly based on conduct during a probationary term, we will not set it aside unless we are "strongly persuaded that the sentence imposed after revocation of probation was *in fact* imposed as a penalty for the conduct which was the basis of revocation, and *not* for the original offense." (Emphasis in original.) *Young*, 138 Ill. App. 3d at 142.

¶ 23        Here, we are not strongly persuaded the sentence imposed was *in fact* imposed to penalize defendant's conduct for not reporting to probation. In considering defendant's claim, we take the remarks of the trial court at sentencing in context, reading the remarks in their entirety and considering counsel's arguments. *Id.* In doing so, we find the record reveals no error. The court expressly stated at the same hearing, while addressing the initial argument of whether sentencing would occur in defendant's absence, it would not consider defendant's conduct on probation when imposing the sentence for the underlying offense, stating: "Certainly the Court doesn't consider that when deciding what an appropriate sentence would be." Moreover, the court's remarks followed defense counsel's request and argument for another probation term or community-based sentence. In denying that request, the court commented on defendant's failure to report to probation immediately before finding imprisonment was necessary to protect the public and a term of probation would deprecate the seriousness of defendant's conduct and would be inconsistent with the ends of justice. See generally 730 ILCS 5/5-6-1(a)(1), (2) (West 2024) (providing the bases for rejecting a sentence of probation). Defendant's nine-year sentence, which is in the middle of the range for the original offense, is not based on defendant's failure to report to probation officers.

¶ 24        Defendant's case law is factually distinguishable. For example, in *People v.*

*Varghese*, 391 Ill. App. 3d 866, 868, 870-71, 876-77 (2009), the uncharged conduct that occurred during the defendant's probationary period, an attempt to meet with an underage girl via the Internet while on sex-offender probation, was misconduct similar to the conduct underlying his original charge of aggravated criminal sexual abuse of another underage girl he met through a chat room. In addition, the *Varghese* defendant was sentenced to the maximum period allowed for the original offense. *Id.* at 868, 876. Further noteworthy is the fact *Varghese* is a majority opinion from the Second District with which, had we had the full record, we may not have agreed.

¶ 25 Defendant next argues his sentence is excessive, as the trial court failed to consider the nonviolent nature of his offense (see 730 ILCS 5/5-5-3.1(a)(1)-(2) (West 2024)) and his rehabilitative potential. Defendant emphasizes his criminal history reveals he previously had successfully completed probation and drug court probation. Defendant contends his relapses are unworthy of retributive punishment.

¶ 26 A sentence within the statutory range is presumptively proper. *People v. Musgrave*, 2019 IL App (4th) 170106, ¶ 56. We thus strongly presume the sentencing court based its decision on appropriate legal reasoning. *People v. McGath*, 2017 IL App (4th) 150608, ¶ 64; see *People v. Page*, 2022 IL App (4th) 210374, ¶ 52 ("Absent explicit evidence to the contrary, we *** presume the [trial] court considered all mitigating factors."). Only if we find the sentence to be an abuse of discretion will this court disturb that sentence. *Musgrave*, 2019 IL App (4th) 170106, ¶ 56. An abuse of discretion occurs when the sentence "is greatly at odds with the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense." *Id.*

¶ 27 Here, the trial court sentenced defendant within the statutory range. The court

stated at sentencing and at the hearing on the motion to reconsider sentence it considered all the statutory factors in aggravation and mitigation. There is no explicit evidence the court failed to consider any statutory factor. Given defendant's lengthy criminal history, which included felonies, prison sentences, and multiple failures to comply with probation, defendant's sentence in the middle of the authorized sentencing range reflects low rehabilitative potential and is not "greatly at odds with the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense." *Id.* Defendant's nine-year sentence is, therefore, not an abuse of discretion. We will not disturb it. See *People v. Lawson*, 2018 IL App (4th) 170105, ¶ 28.

¶ 28                                    III. CONCLUSION

¶ 29          We affirm the trial court's judgment.

¶ 30          Affirmed.