NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (4th) 250342-U

NO. 4-25-0342

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 2, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Henry County |
| GALDINO RICO-FROYLAN, | ) | No. 23CF240 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Colby G. Hathaway, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Grischow and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, finding the trial court was not required to depart from the range of statutory prison terms for possessing 900 grams or more of cocaine and defendant's 10-year prison sentence was not excessive.

¶ 2    Defendant, Galdino Rico-Froylan, appeals from his 10-year prison sentence following his plea of guilty to one count of unlawful possession of more than 900 grams of cocaine (720 ILCS 570/402(a)(2)(D) (West 2022)). On appeal, defendant argues the trial court should have utilized its discretion to depart from the statutory range of prison sentences for his offense and imposed a lesser sentence under section 5-4-1(c-1.5) of the Unified Code of Corrections (Code) (730 ILCS 5/5-4-1(c-1.5) (West 2022)), which authorizes a sentencing deviation from an otherwise mandatory minimum sentence for offenses criminalizing drug possession. We affirm.

¶ 3                          I. BACKGROUND

¶ 4        In August 2023, the State charged defendant with controlled substance trafficking (720 ILCS 570/401.1(a) (West 2022)) (count I), possession with intent to deliver a controlled substance (720 ILCS 570/401(a)(2)(D) (West 2022)) (count II), and unlawful possession of a controlled substance (720 ILCS 570/402(a)(2)(D) (West 2022)) (count III).

¶ 5                                    A. Guilty Plea

¶ 6        Defendant entered an open guilty plea to count III in May 2024. At the plea hearing, the State offered the following factual basis in support of the plea:

> "If this were to go to trial, the State would call a member of the Illinois State Police who would testify [that] on August 14th, 2023, a traffic stop was conducted on I-80 in Henry County for following too closely.
>
> The driver was identified as [defendant]. [Defendant] spoke to the trooper. That information contradicted the license plate reader. [(Defendant had driven from Indiana to California and was returning within a day.)]
>
> A [canine] indicated on the vehicle. [Five thousand] grams of cocaine were located in a duffel bag behind the driver's seat. That was sent to the Illinois State Police crime laboratory where 1,110.7 grams tested positive for cocaine."

Before accepting defendant's guilty plea, the trial court admonished him that, if sentenced to a term of imprisonment, "it would be for a period of 10 to 50 years." Defendant stated he understood. The court then accepted defendant's guilty plea as knowing and voluntary and set the matter for sentencing.

¶ 7                                    B. Sentencing Hearing

¶ 8          The trial court conducted defendant's sentencing hearing in July 2024. The State

presented no evidence in aggravation. As evidence in mitigation, defendant presented testimony

from his wife, Genevieve Rico.

¶ 9          Genevieve testified she was 80 years old and had been married to defendant for

50 years. She stated their children were "monsters" and that she was estranged from them.

Genevive testified she relied entirely on defendant. Genevive explained she "had cancer on [her]

head" and had undergone radiation treatment, which caused her memory loss and instability. She

also experienced chest pain and shakiness in her extremities. Although Genevive could not work,

defendant worked at a golf course and took care of everything around the house.

¶ 10         During arguments, the State recommended defendant be sentenced to 10 years in

prison, given the "large amount of cocaine" he possessed. Defense counsel, on the other hand,

urged the trial court to consider an alternative sentence to imprisonment, noting defendant's age,

the costs of imprisoning an elderly person, and defendant's total lack of criminal history.

¶ 11         Before imposing its sentence, the trial court stated it considered the applicable

statutory mitigating and aggravating factors, the potential cost of imprisonment, and the

presentence investigation report (PSI). The PSI indicated defendant was 76 years old and had

been employed full time as a landscaper since 2003. The PSI revealed no prior traffic,

misdemeanor, or felony convictions. In discussing the applicable factors in mitigation and

aggravation, the court pointed out the "substantial period of time before the commission of the

present crime" that defendant had led a law-abiding life. Yet, the court observed defendant

"committed a very serious first offense" and emphasized the "very large quantity" of cocaine

defendant possessed. Although the court was "fully aware" of the sentencing alternatives it had,

it determined a sentence of probation would deprecate the seriousness of defendant's conduct and would be inconsistent with the ends of justice. Ultimately, the court found that a sentence to the Illinois Department of Corrections was necessary to deter others from committing the same crime, and it imposed the statutory minimum sentence of 10 years' imprisonment (see 720 ILCS 570/402(a)(2)(D) (West 2022)).

¶ 12                              C. Postsentencing Motion

¶ 13           Defendant subsequently filed an amended motion to reconsider the sentence, arguing his 10-year prison sentence was excessive. In relevant part, defendant argued, for the first time, that section 5-4-1(c-1.5) of the Code (730 ILCS 5/5-4-1(c-1.5) (West 2022)) permitted the trial court to impose less than the mandatory minimum prison sentence if (1) the offense involves the use or possession of drugs, (2) the court finds that the offender poses no public safety risk, and (3) the interest of justice requires imposition of a lesser term of imprisonment. Given defendant's advanced age, complete lack of criminal history, and the excessive hardship caused to his ailing spouse due to his extended absence, defendant asserted he should be sentenced to a lesser term of imprisonment under the statute. The court ultimately denied the motion, noting it appropriately applied the factors in mitigation and aggravation at the sentencing hearing and that it "sentenced the defendant on the sentence to which he pled guilty."

¶ 14           This appeal followed.

¶ 15                              II. ANALYSIS

¶ 16           On appeal, defendant argues the trial court erred when it denied his amended motion to reconsider his sentence because it should have utilized its discretion to depart from the statutory range of prison sentences for possessing more than 900 grams of cocaine (720 ILCS 570/402(a)(2)(D) (West 2022)) and imposed a lesser sentence under section 5-4-1(c-1.5) of the

- 4 -

Code.

¶ 17    "The trial court has broad discretionary powers in imposing a sentence, and its sentencing decisions are entitled to great deference." *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). The reason courts of review give deference to trial courts' sentencing decisions is because the trial court is able to observe the trial proceedings and the defendant, whereas a reviewing court can only examine the cold record. *Alexander*, 239 Ill. 2d at 212-13. Although there was no trial here, the court presided over the preliminary hearing, all but one brief hearing, and ultimately, the plea. The trial court can also consider a defendant's demeanor, credibility, mentality, social environment, general moral character, habits, and age in determining an appropriate sentence to impose. *Alexander*, 239 Ill. 2d at 213. As a result, a trial court's sentencing decision is reviewed under an abuse of discretion standard. *People v. Lee*, 2023 IL App (4th) 220779, ¶ 55; *People v. Lang*, 2023 IL App (2d) 220091, ¶ 40. A decision constitutes an abuse of discretion if it is "fanciful, arbitrary, or unreasonable to the degree that no reasonable person would agree with it." (Internal quotation marks omitted.) *People v. Lawson*, 2018 IL App (4th) 170105, ¶ 28. Also, "a sentence within statutory limits is excessive only if it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense." (Internal quotation marks omitted.) *Lee*, 2023 IL App (4th) 220779, ¶ 55.

¶ 18    Here, even though the trial court rejected defendant's request for probation, the sentence imposed was neither greatly at variance with the spirit and purpose of the law nor manifestly disproportionate to the nature of the offense. Defendant was found transporting 5,000 grams (over 11 pounds) of suspected cocaine, 1,110.7 grams of which was positively identified as such by the crime lab. Defendant pleaded guilty to one count of unlawful possession of more than 900 grams of cocaine under section 402(a)(2)(D) of the Illinois Controlled Substances Act,

which is a Class 1 felony. 720 ILCS 570/402(a)(2)(D) (West 2022). Generally, prison sentences for Class 1 felonies range between 4 and 15 years. 730 ILCS 5/5-4.5-30(a) (West 2022). However, any person found guilty of possessing more than 900 grams of cocaine is subject to a range of "not less than 10 years and not more than 50 years" in prison "if sentenced to a term of imprisonment." 720 ILCS 570/402(a)(2)(D) (West 2022). When imposing defendant's sentence, the court emphasized the "very large quantity" of cocaine seized and that defendant "committed a very serious first offense." The court felt a sentence of probation would deprecate the seriousness of defendant's conduct and would be inconsistent with the ends of justice. The court's conclusion was not unreasonable and does not constitute an abuse of discretion. See *Lee*, 2023 IL App (4th) 220779, ¶ 55.

¶ 19      Nevertheless, defendant requests this court remand for a new sentencing hearing because the trial court, in defendant's opinion, should have deviated from the statutory range of sentences and imposed a lesser prison sentence under section 5-4-1(c-1.5) of the Code. Section 5-4-1(c-1.5) of the Code provides:

> "Notwithstanding any other provision of law to the contrary, in imposing a sentence for an offense that requires a mandatory minimum sentence of imprisonment, the court *may* instead sentence the offender to probation, conditional discharge, or a lesser term of imprisonment it deems appropriate if: (1) the offense involves the use or possession of drugs, retail theft, or driving on a revoked license due to unpaid financial obligations; (2) the court finds that the defendant does not pose a risk to public safety; and (3) the interest of justice requires imposing a term of probation,

conditional discharge, or a lesser term of imprisonment. The court

must state on the record its reasons for imposing probation,

conditional discharge, or a lesser term of imprisonment."

(Emphasis added.) 730 ILCS 5/5-4-1(c-1.5) (West 2022).

¶ 20    We appreciate defendant's assertion that his advanced age, lack of any criminal history, lengthy period of steady employment, and role as sole caregiver for his ailing spouse tend to show he poses little to no public safety risk. His argument in favor of his eligibility for a sentencing deviation under section 5-4-1(c-1.5) of the Code is well-taken. However, there was also evidence defendant had acknowledged he knew what he was doing was illegal. As defense counsel alluded to during his arguments at sentencing, defendant's situation was like "a person who's financially struggling [and] is offered a lot of money to drive something somewhere." He is not told what he's carrying, but he "knows it's illegal based on what they pay him." Defendant has every right to argue a lesser sentence is warranted under these circumstances, but the statute simply does not require the trial court to deviate from a statutory minimum sentence for offenses criminalizing drug possession. Rather, the statute gives the court the option, *i.e.*, *discretion*, to do so if it finds a defendant poses no public safety risk and the interest of justice requires a lesser sentence. See 730 ILCS 5/5-4-1(c-1.5) (West 2022). The court here made no such findings, and the Illinois General Assembly has not removed the range of possible penalties for possessing more than 900 grams of cocaine. See 720 ILCS 570/402(a)(2)(D) (West 2022). It is not the province or the privilege of this court to discard the directives of the General Assembly and replace them with our own. To do so would usurp the function of the trial judge. Ultimately, defendant's 10-year sentence is the minimum within the range of permissible sentences to which he was exposed, and having reviewed the record, we cannot say the court's decision to impose

such a sentence was arbitrary, fanciful, or unreasonable. *Lawson*, 2018 IL App (4th) 170105, ¶ 28.

¶ 21 At defendant's sentencing hearing, the trial court indicated it reviewed the PSI, considered the evidence presented and the arguments of counsel, and weighed the relevant aggravating and mitigating factors. The court also remarked that it was "fully aware" of the sentencing alternatives it had at its disposal. Regarding the mitigating factors, the court pointed out the "substantial period of time before the commission of the present crime" that defendant had led a law-abiding life. As to the aggravating factors, the court emphasized the seriousness of the offense, noting the "very large quantity" of cocaine defendant possessed, and found that a sentence other than probation was necessary to deter others from committing the same crime. Additionally, even if we assume the court was unaware of the existence of section 5-4-1(c-1.5) of the Code at the sentencing hearing, the court, at the hearing on defendant's amended motion to reconsider the sentence, stated it considered the contents of the motion, as well as the arguments of counsel. Defendant's amended motion contained the argument he now makes on appeal—that the court should have departed from the statutory range of prison sentences for possessing more than 900 grams of cocaine and imposed a lesser sentence under section 5-4-1(c-1.5) of the Code. However, the court found defendant's arguments unconvincing, noting it appropriately applied the relevant factors in aggravation and mitigation at the sentencing hearing and sentenced defendant "on the sentence to which he pled guilty."

¶ 22 "It is not the function of reviewing courts to serve as sentencing courts, and they cannot substitute their judgment for that of the trial judge merely because they would have balanced the appropriate factors differently." *People v. Torres*, 100 Ill. App. 3d 931, 941 (1981). Based on our review of the record, the trial court did not err in not deviating from the statutory

- 8 -

range of sentences for possessing more than 900 grams of cocaine where the court was not required to do so. See 730 ILCS 5/5-4-1(c-1.5) (West 2022). The court came to the reasoned conclusion that probation was not a viable option. Likewise, its decision to impose the minimum statutory prison sentence does not demonstrate a great variance with the spirit and purpose of the law against possessing more than 900 grams of cocaine under the facts and circumstances of this case, and it is not manifestly disproportionate to the nature of defendant's crime. See *Lee*, 2023 IL App (4th) 220779, ¶ 55; 720 ILCS 570/402(a)(2)(D) (West 2022).

¶ 23                                III. CONCLUSION

¶ 24          For the reasons stated, we affirm the trial court's judgment.

¶ 25          Affirmed.